NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IMMANUEL CHRISTIAN PRICE, AKA Immanuel C. Price,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>ALEXANDRU GALIU, Deputy Sheriff in San Diego; JOHN DOE, Deputy #2,<br><br>Defendants-Appellees. | No. 17-56948<br><br>D.C. No. 3:16-cv-00412-BEN-PCL<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted May 15, 2018**

Before:   SILVERMAN, BEA, and WATFORD, Circuit Judges.

California state prisoner Immanuel Christian Price, AKA Immanuel C.

Price, appeals pro se from the district court's judgment dismissing his 42 U.S.C.

§ 1983 action alleging constitutional violations arising from his initial booking

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

process at the San Diego County Jail while he was a pretrial detainee.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994).  *Whitaker v. Garcetti*, 486 F.3d 572, 579 (9th Cir. 2007).  We may affirm on any basis supported by the record.  *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008).  We affirm.

The district court properly dismissed as *Heck*-barred Price's excessive force claim because success on this claim would necessarily imply the invalidity of his conviction, and Price failed to allege that his conviction has been invalidated.  *See Heck*, 512 U.S. at 486-87.  Contrary to Price's contentions, his allegations are not sufficient to show that his excessive force claim is distinct from the incident that led to his conviction for resisting an officer.  *See Smith v. City of Hemet*, 394 F.3d 689, 699 (9th Cir. 2005) (en banc) (*Heck*-bar does not apply if claim arises from events that did not occur at the same time and place as the criminal offense).

Dismissal of Price's unreasonable search and seizure claim was proper because Price failed to allege facts sufficient to state a claim under the Fourth Amendment.  *See Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1449 (9th Cir. 1991) (body cavity search permissible where probable cause exists); *see also Schmerber v. California*, 384 U.S. 757, 769-70 (1966) (exigent circumstances exception to probable cause warrant requirement).

**AFFIRMED.**

17-56948